JESSE M. KINGSLEY *vs.* EDWIN C. JOHNSON.

A horse that was partially blind was sold with a warranty that he "was all right, except that he would sometimes shy." Held—

1. That there was not a fatal variance between the evidence of such a warranty and an allegation that he was warranted to be "sound."

2. That it was proper to leave it to the jury as a question of fact to say whether the representation proved was not in substance that alleged.

3. That the fact that a horse partially blind was likely to shy did not make the exception include partial blindness.

The statute (Gen. Statutes, p. 442, sec. 2,) provides that the charge of the court on questions of law shall, in certain cases, be in writing, and after the verdict shall be filed with the clerk. The judge charged in such a case in writing, and the court immediately after the rendition of the verdict adjourned for the day. The next morning the judge, intending to file the charge with the clerk, was unable to find it. Held not a sufficient reason for granting a new trial, in the absence of any claim in the motion that any injury or inconvenience to the party had resulted.

CIVIL ACTION for a false warranty of a horse; brought to the Superior Court in Middlesex County, and tried to the jury before *Beardsley, J.* Verdict for the plaintiff, and motion for a new trial by the defendant for error in the charge of the court. The case is sufficiently stated in the opinion.

*J. M. Thayer*, in support of the motion.

*D. Chadwick*, contra.

PARDEE, J. Upon the trial of this case the plaintiff introduced evidence tending to prove, and claimed to have proved, that he exchanged horses with the defendant, relying upon the representation of the latter that his horse was " all right except that he would sometimes shy ; " and that he discovered afterwards that the horse was partially blind.

The defendant, admitting the partial blindness of his horse, asked the court to instruct the jury that there was a fatal variance between the allegation that he warranted the horse " to be sound " and proof that he warranted him " to be all right except that he would shy." The court charged

Kingsley *v.* Johnson.

that the plaintiff must prove the substance of his allegation; that if he did not the verdict should be for the defendant; and that it was for the jury to say whether a representation that the horse was all right except that he would shy, was, or was not, in substance a representation that he was sound. In this there is no error.

It is the claim of the defendant that the proven representation excepts one species of unsoundness and relieves him from liability for that; that this exception should have been stated in the allegation; that partial blindness is included in the exception that the horse would shy; and that a congenital defect or natural malformation is not unsoundness, but that where such natural defect produces another, the last is an unsoundness.

In effect the defendant requested the court to instruct the jury, as a matter of law, that the representation that the horse would shy was a representation that he was partially blind. This instruction he was not entitled to. If from the evidence the jury were brought to believe as a matter of fact that horses so invariably or so often shy because of partial blindness that in the general mind one expression stands for the other, or that the defendant used the expression "the horse will shy" in the sense that he was partially blind and the plaintiff so understood him, they were instructed to render a verdict for the former. He has no occasion for complaint.

The statute requires the judge to put his charge in writing and file it with the clerk upon the rendition of the verdict. This charge was in writing; the court adjourned for the day immediately after the reception of the verdict; the next morning the judge, intending to file the charge with the clerk, was unable to find it. The plaintiff should not for this reason be deprived of his verdict in the absence of any claim in his motion that he has been injured or inconvenienced even, by the loss of the written charge.

A new trial is not advised.

In this opinion the other judges concurred.